IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TANTE T. URBAN, JR.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br><br>JASON LEE COTTON; VINCENT KRUSE; PETER STONE; TMLF LLLC; SHAWN NAKOA; RUSH MOORE LLP; WENDY DEWEESE; BONY MELLON; ROBIN VINCE; STATE OF HAWAIʻI,<br><br>　　　　Defendants. | CIV. NO. 23-00043 JAO-WRP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND JOINDER |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND JOINDER**

Pro se Plaintiff Tante T. Urban, Jr. ("Plaintiff") challenges the underlying facts and outcome of several proceedings that occurred in the Circuit Court of the Third Circuit, State of Hawaiʻi ("Third Circuit"), which led to the foreclosure of his property located in Kailua Kona on the Island of Hawaiʻi. ECF No. 1. Defendants the State of Hawaiʻi, the Honorable Wendy M. DeWeese, Circuit Court Judge of the Third Circuit Court ("Judge DeWeese"), and Shawn M. Nakoa,

court-appointed foreclosure commissioner (collectively, "State Defendants") filed a Motion to Dismiss ("Motion"). ECF No. 14. Defendant Rush Moore LLP ("Rush Moore") substantively joins in the State Defendants' Motion. ECF No. 16.

The Court elects to decide these motions without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. For the following reasons, the Court GRANTS the State Defendants' Motion and Rush Moore's substantive joinder.

## I. BACKGROUND

Plaintiff executed a mortgage on March 31, 2006, and it was recorded in the Bureau of Conveyances of the State of Hawaiʻi on April 13, 2006. ECF No. 14-3 at 2–3. The Note was subsequently assigned to The Bank of New York Mellon. *Id*. Plaintiff stopped making monthly payments on May 1, 2008, *id.* at 3, and The Bank of New York Mellon, through its attorney TMLF Hawaii, LLLC, initiated foreclosure proceedings in the Third Circuit. ECF No. 1-2. Vincent Kruse of TMLF Hawaii, LLLC filed a motion for summary judgment, which Judge DeWeese granted on October 3, 2022. ECF No. 14-3. On that same day, Judge DeWeese also entered a final judgment against Urban. ECF Nos. 14-5, 14-6. As part of Judge DeWeese's order granting the motion for summary judgment, Shawn Nakoa was appointed "Commissioner of the Court" to take possession and control of the property for the purpose of carrying out its sale. ECF No. 14-3 at 6–10.

Plaintiff first challenged the state court proceedings by filing a complaint with the United States District Court for the District of Hawaii on October 27, 2022, *Urban Jr. v. DeWeese* ("*Urban I*"), CIV. NO. 22-461, ECF No. 1, which was later amended on December 12, 2022, CIV. NO. 22-461, ECF No. 6.  Nine of the ten Defendants from the instant case were also defendants in *Urban I*.  Defendant Robin Vince was not a party in *Urban I*.  CIV. NO. 22-461, ECF No. 6 at 1; *see* ECF No. 1 at 10 (listing Robin Vince in the Complaint as the "C.E.O. of BONY Mellon").  The claims in *Urban I* were identical to the claims made in the instant case.  The same State Defendants, that is Judge DeWeese, State of Hawai'i, and Shawn Nakoa, also filed a motion to dismiss on the same grounds asserted in the instant Motion.  CIV. NO. 22-461, ECF No. 5-1.  No other defendant appeared or filed a motion or joinder.

On December 20, 2022, Judge Gillmor dismissed the complaint with prejudice based on the *Rooker-Feldman* doctrine,[1] Eleventh Amendment, and judicial and quasi-immunity.  *Urban I*, 2022 WL 17819655, at *3–4 (D. Haw.).  As to the non-appearing defendants, Judge Gillmor concluded that claims against them

---

[1] The *Rooker-Feldman* doctrine takes its name from two cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 452 (1983).  Under this doctrine, "a federal court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. The United States Supreme Court is the only federal court with jurisdiction to hear such an appeal." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).

was also barred based on the *Rooker-Feldman* doctrine since they are "inextricably intertwined with the de facto appeal of the state court judgment." *Id*. at *3.

Then on January 3, 2023, Urban filed a complaint in the Third Circuit.[2] *Urban Jr. v. Cotton, et al.* ("*Urban II*"), 3CCV-23-0000002, at Dkt. 1. The defendants in *Urban II* are identical to the defendants in *Urban I*. The claims are also identical to those in *Urban I* and the instant case. *Id*. at Dkt. 1. And like the instant case, the state defendants filed a motion to dismiss in *Urban II*, *id*. at Dkt. 18, and defendant Rush Moore, which Urban alleges is the employer of the foreclosure commissioner, filed a substantive joinder, *id*. at Dkt. 20. Prior to the hearing on the motion to dismiss and joinder, Urban filed a motion for a temporary restraining order ("TRO") "to block federal fundings to [the] State of Hawaiʻi." *Id*. at Dkt. 35. The Third Circuit denied the TRO. *Id*. at Dkt. 39. After Plaintiff failed to appear at the motion to dismiss hearing, the Third Circuit dismissed the complaint with prejudice. *Id*. at Dkt. 44.

---

[2] These facts are taken from the Hawaiʻi State Judiciary database in *Urban Jr. v. Cotton, et al.*, 3CCV-23-0000002 (Haw. 3d Cir. 2023), https://www.courts.state.hi.us (follow "eCourt Kokua" then follow "Case Search" for Case ID 3CCV-23-0000002) (last visited Jun. 20, 2023). *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (acknowledging that courts may take "notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue"); Fed. R. Evid. 201(b).

## II. PROCEDURAL HISTORY

Plaintiff filed this suit on January 26, 2023, asserting eight causes of action. ECF No. 1 at 10–11. He names ten Defendants: Jason Cotton, Vincent Kruse, Peter Stone, TMLF Hawaii, LLLC, Shawn Nakoa, Rush Moore, Judge DeWeese, The Bank of New York Mellon, Robin Vince, and the State of Hawaiʻi. Because the Complaint is unclear, the Court is left to attempt to ascertain, if at all possible, which claims are asserted against which Defendant(s). The Court does so here:

| Count | Allegations in the Complaint |
|---|---|
| (1) "Violation of 42 U.S.C. 1983" | No specific Defendant identified.<br>• "The defendants violate the plaintiff's right to due process in state court whereby [sic] is liable under 42 U.S.C. 1983." ECF No. 1 at 3.<br>• "The defendants violated the plaintiff's right to due process 42 U.S.C. 1983 by using an unfair court process that is in violation of the federal laws and the court rules." *Id.* at 13, 14.<br>• "The defendant's [sic] acted with deliberate indifference to the Constitution and/or federal laws when they violated the plaintiffs [sic] right UNDER 42 U.S. Code Sec. 1983, and the plaintiff's right to 'due process.'" *Id.* at 15. |
| (2) "The Violation of Due Process" | No specific Defendant identified. Same factual allegations as in Count 1. |
| (3) "Conspiracy to Commit Real Estate Deed Fraud" | No specific Defendant identified.<br>• "The defendants committed and conspired to commit real estate deed fraud when they failed to deliver the property deed as mandated by the state property transfer statute." *Id.* at 5. |
| (4) "Forgery" | No specific Defendant identified.<br>• "The promissory note is a forgery." *Id.* at 4.<br>• "The bank recorded the forged promissory note[.]". *Id.* |

| | |
|---|---|
| | • "The defendants committed acts of forgery when they fraudulently made false documents and altered real documents as if they are genuine." *Id*. at 5.<br>• "The contract filed in this case is forged[.]". *Id*. at 7. |
| (5) "Wrongful Foreclosure" | The Court interprets the Complaint as alleging Count 5 against Jason Cotton and the State Defendants.<br>• "The State is the real party responsible for the foreclosure on the plaintiff's property using state-licensed sub-agencies to do the dirty work." *Id*. at 3.<br>• "Jason Cotton filed the foreclosure complaint . . . against the plaintiff's property without an affidavit from an injured party to provide jurisdiction[.]" *Id*. at 6.<br>• "The statute the attorney used in the foreclosure complaint is not a valid law as it does not have the three elements the state constitution mandates must be present to be a valid law." *Id*.<br>• "[T]he foreclosing statute is not a valid law and is unconstitutional on its face." *Id*.<br>• "The attorney cannot verify agency and therefore the foreclosure lawsuit has a fatal flaw." *Id*. at 8.<br>• Because there was no injured party in the state foreclosure case, "the court did not have jurisdiction." *Id*. at 11. |
| (6) "Breach of Contract" | Count 6 is against Defendant The Bank of New York Mellon.<br>• "[The Bank of New York Mellon] refused to loan me legal tender or other depositors' money" and make other disclosures. *Id*. at 12.<br>• "The bank misrepresented the elements of the alleged agreement to the alleged borrower." *Id*. |
| (7) "Real Estate Deed Fraud" | The Court interprets the Complaint as alleging Count 7 against the State Defendants.<br>• "The state is guilty of real estate deed fraud which is verified by the day-to-day process of |

|  | registering homeowners' property deeds in their office." *Id*. at 3. |
|---|---|
| (8) "Obstruction of The Administration of Justice" | No specific Defendant identified.<br>• "The defendants obstructed the administration of justice." *Id*. at 13, 14. |

Plaintiff alleges that he suffered lost income, medical costs for the stress and loss of sleep totaling more than $10,000, and the deterioration of his physical and mental health. *Id*. at 15. He requests compensatory and punitive damages for an amount to be determined at trial, pre- and post-judgment interest, including reasonable legal fees, and "other equitable relief the court deems appropriate." *Id*. at 18–19.

Plaintiff filed a TRO entitled "Non-Judicial Temporary Restraining Order – Permanent-Injunction & Demand for an Emergency Hearing Due to the Pending 20-Million-Dollar Claim Under 42 U.S. Code Sec. 1983 Action for Deprivation of Civil Rights" on January 26, 2023. ECF No. 6. The following day the Court denied the TRO for lack of personal jurisdiction. ECF No. 8. The Court warned that no further motions for injunctive relief will be entertained until Defendants are properly served with the Complaint and summons or obtain and file waivers of service pursuant to Federal Rule of Civil Procedure ("FRCP") 4. *Id*.

Despite the Court's warning, Plaintiff filed two TRO motions, ECF Nos. 11, 12, both on February 10, 2023. The Court again denied the TROs for the same

7

reasons as the first denial. ECF No. 13. As of the filing of this order, Defendants have yet to be served.

On February 17, 2023, the State Defendants filed their Motion, ECF No. 14, and on April 6, 2023, Defendant Rush Moore filed its joinder to the Motion, ECF No. 16. Because Plaintiff did not respond to either motion, the Court sua sponte entered an order extending Plaintiff's response deadline to May 1, 2023. ECF No. 19. The Court warned Plaintiff that the motions will be treated as unopposed should he fail to respond. ECF No. 19. As of the filing of this order, Plaintiff has yet to do so.

### III.  LEGAL STANDARD

Under FRCP 12(b)(1), a district court must dismiss a complaint if it lacks subject matter jurisdiction to hear the claims alleged in the complaint. *See* Fed. R. Civ. P. 12(b)(1). A jurisdictional attack pursuant to FRCP 12(b)(1) may be facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). A facial attack challenges the sufficiency of the allegations contained in a complaint to invoke federal jurisdiction, while a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

## IV.   DISCUSSION

A.   **Dismissal of Claims Against the State Defendants and Defendant Rush Moore LLP**

In its Motion, the State Defendants, joined by Defendant Rush Moore, move to dismiss the instant case under the *Rooker-Feldman* doctrine, arguing that Plaintiff is barred from effectively appealing the state court's foreclosure decision via this action.  ECF No. 14-1 at 10.  Because Plaintiff failed to respond to the motions, the Court treats them as unopposed, and so GRANTS the motions for the reasons outlined therein.  *See Qureshi v. Countrywide Home Loans, Inc.*, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010) (deeming plaintiff to have "abandon[ed] [the] claims" that he failed to address in his opposition to a motion to dismiss) (citing *Jenkins v. County. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)).  In other words, the Court does not have jurisdiction over this matter pursuant to the *Rooker-Feldman* doctrine.

Moreover, because the decision by Judge Gillmor was on the same facts, was on the same claims, involved nearly identical parties, and addressed the issues raised in the motions, her decision in *Urban I* functions as the law of the case.  *See Kona Hawaiian Assoc. v. Pacific Grp.*, 680 F. Supp. 1438, 1447 (D. Haw. Feb. 4, 1988) ("The law of the case doctrine directs the Court to give great deference to matters previously decided in a case, particularly where the prior ruling was made by a different judge in the same court." (footnote and citations omitted)); *Casey v.*

9

*Planned Parenthood of SE Pa.*, 14 F.3d 848, 856 n.11 (3d Cir. 1994) ("Other law of the case rules apply to subsequent rulings by the same judge in the same case or a closely related one, to rulings by different judges at the same level, or to the consequences of the failure to preserve an issue for appeal."). As such, the Court does not have jurisdiction over this case for the reasons outlined in her order as well.

Alternatively, even if the Court had jurisdiction over this matter, it would dismiss the case based on Plaintiff's failure to comply with the Court's rules and other procedural requirements. And while Plaintiff is pro se, that status does not absolve him of the obligation to follow the same rules that govern other litigants. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) ("Ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se."); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("[P]ro se litigants are bound by the rules of procedure.").

As mentioned above, Plaintiff failed to file oppositions to the motions. This was even after the deadline to file had passed and the Court graciously extended Plaintiff's response deadline on its own accord. ECF No. 19. Plaintiff's failure to file anything contravenes Local Rule 7.2, which requires an opposition or a statement of no position to a motion to be filed at least 21 days prior to the date of the hearing (in this case, at least 21 days before May 11, 2023).

And despite two warnings from the Court, one on January 27, 2023 and another February 10, 2023, Plaintiff has yet to file proof that he served Defendants with the Complaint and summons or obtained and filed waivers of service pursuant to FRCP 4. *See* ECF Nos. 8, 13. Indeed, Defendant Rush Moore confirmed in its joinder motion that it has yet to be served with the Complaint. ECF No. 16 at 2.

The Court treats Plaintiff's actions as a failure to follow court rules and procedure and concludes that sanctions in the form of dismissal are warranted. *See* Local Rule 81.1(a) ("Sanctions, including but not limited to entry of default judgment or dismissal with prejudice, may be imposed for failure to comply with the Local Rules."); Local Rule 11.1 ("Failure of counsel or a party to comply with any provision of the Local Rules is a ground for imposition of appropriate sanctions, including a fine or dismissal."). The Court, in exercising its broad discretion, is inclined to dismiss the claims against the State Defendants and Defendant Rush Moore as a sanction for failing to follow the Court's rules. *See Holt v. I.R.S.*, 231 Fed. App'x. 557, 558 (9th Cir. 2007) (mem.) (ruling that the district court did not abuse its discretion in dismissing action for failure to file an opposition and rejecting plaintiff's contention she should have been warned of the consequences for failing to file an opposition); *Ghazali*, 46 F.3d. at 53 ("Failure to follow a district court's local rules is a proper ground for dismissal." (citing *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979))).

11

Before dismissing the action, however, the Court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) ("*Ghazali* factors").

Here, the Court concludes all of the *Ghazali* factors weigh in favor of dismissal. The first factor, the "public's interest in expeditious resolution of litigation," *id.*, weighs in favor of dismissal since Plaintiff's noncompliance has effectively paused the litigation. *See In re PPA Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006) ("[W]e explained that dismissal serves the public interest in expeditious resolution of litigation . . . when a plaintiff's noncompliance has caused the action to come to a halt[.]").

Under the second *Ghazali* factor, district courts have the inherent power to control their docket and, "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal [of a case]." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). The Court has already provided Plaintiff numerous opportunities to effectively prosecute this case. Instead, he has sat on his hands, and so this factor also weighs in favor of dismissal.

As to the third factor, any further delay caused by Plaintiff's failure to oppose or otherwise prosecute his case has resulted in prejudice to the Defendants because "[t]he law presumes injury from unreasonable delay." *Rendon v. County. of Orange*, 2022 WL 16832810, at *1 (9th Cir. Nov. 9, 2022) (mem.) (quoting *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994)).

While it is true that the fourth factor (the public policy favoring disposition of cases on their merits) would normally weigh against dismissal, that is not the case here, where Plaintiff has essentially already lost versions of this same case before two different judges on the merits, once in federal court and again in state court. *See Urban I*, 2022 WL 17819655, at *3–4; *Urban II*, 3CCV-23-0000002.

And finally, the fifth factor weighs in favor of dismissal. Plaintiff has already been warned that "[i]f Plaintiff fails to respond, the Court will treat Defendants' motions as unopposed," ECF No. 19, and according to the Ninth Circuit, such warning can "satisfy the consideration of alternatives requirement." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (internal quotations and citation omitted).

Having considered all five *Ghazali* factors, the Court alternatively DISMISSES this action against the State Defendants and Defendant Rush Moore for failure to comply with court rules.

## B.     Dismissal as to All Other Defendants

The Court also dismisses those Defendants who have not filed a motion, joinder, or otherwise appeared.  "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (citations omitted).  "The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared." *Deperio v. Downey Savings & Loan Ass'n*, 2009 WL 10672415, at *2 (S.D. Cal. Oct. 2, 2009) (citing *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802 (9th Cir. 1995)).

Although Defendants Jason Cotton, Vincent Kruse, Peter Stone, TMLF Hawaii, LLLC, The Bank of New York Mellon, and Robin Vince have not appeared in this case, they are in the same position as the State Defendants and Defendant Rush Moore insofar as:  Judge Gillmor dismissed the case against all but one of them in *Urban I*, where they also did not move for dismissal, *Urban I*, 2022 WL 17819655, at *3–4; they have not been served here; and this is the third identical case they face.  And while Defendant Robin Vince was not a defendant in *Urban I*, the *Rooker-Feldman* analysis applies equally to this case as a whole, and

14

as to all Defendants, like in *Urban I*. *Id*. at *3. All Defendants are also integrally related as evidenced by Plaintiff's general allegation of a conspiracy.

## V. CONCLUSION

Based on the foregoing, the Court GRANTS the State Defendants' Motion to Dismiss with Prejudice and Defendant Rush Moore's joinder. The Clerk is directed to enter judgment in favor of all Defendants and close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, June 22, 2023.



Jill A. Otake
United States District Judge

---

CIV. NO. 23-0043 JAO; *Urban Jr. v. Cotton*, ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND JOINDER